IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Andrew T. Felder, | C/A No. 6:25-cv-00437-JDA-KFM |
| Plaintiff; | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| K. Baker, T. Crann, T. Hannon, A. Young, | |
| Defendants. | |

  The plaintiff, while a pretrial detainee[1] proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

  The plaintiff's complaint was entered on the docket on January 21, 2025 (doc. 1). By order filed January 31, 2025, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (doc. 7). The plaintiff complied with the court's order and the case is now in proper form for judicial screening. Having reviewed the plaintiff's complaint, the undersigned is of the opinion that the plaintiff's excessive force claim against defendant Dep. Baker is sufficient to survive screening, and service will be recommended as to Dep. Baker on the excessive force claim. However, the plaintiff's remaining claims fail to state a claim upon which relief may be granted; thus, they are subject to summary dismissal as outlined below.

---

[1] The plaintiff recently updated his address indicating that he is no longer incarcerated (doc. 12).

**ALLEGATIONS**

This is a § 1983 action filed by the plaintiff, while a pretrial detainee at the Greenville County Detention Center ("the Detention Center"), seeking money damages and injunctive relief from the defendants (doc. 1). Of note, the instant matter appears related to the plaintiff's charges for assault and battery third degree and resisting arrest in the Greenville County General Sessions Court. *See* Greenville County Public Index, https://publicindex.sccourts.org/ Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2024A2330211784 and 2024A2330211785) (last visited February 28, 2025). On February 12, 2025, the plaintiff pled guilty to assault and battery third degree and by pleading guilty his charge for resisting arrest was dismissed. *Id*.

The plaintiff alleges violations of his rights involving illegal search and seizure, malicious and unlawful arrest, violations of his due process rights, deliberate indifference, slander, and violations of his Fourth and Fifth Amendment rights (doc.1 at 4). The plaintiff contends that on December 17, 2024, he had a fight with his wife and she called the cops (*id*. at 5). Dep. Baker responded to the call and told the plaintiff's wife that he could not make the plaintiff leave the residence, but he would ask the plaintiff to leave (*id*. at 5–6). The plaintiff cursed at Dep. Baker when he approached and told him to leave his property (*id*. at 7). Dep. Baker then threw the plaintiff to the ground and then tased the plaintiff six times (*id*.). After the tasing, other officers arrived and an ambulance took the plaintiff to Prisma Health without his authorization (because the plaintiff's wife worked at Prisma) (*id*.). Prisma Health providers treated the plaintiff over his objections and the plaintiff was then transported to the Detention Center, but did not know what he had been arrested for (*id*.). The plaintiff also contends, however, that he was not provided medical treatment by Prisma (*id*. at 6).

The plaintiff's injuries include being beaten, tased, and hitting his head (*id*.). For relief, the plaintiff seeks to have Dep. Baker terminated, the remaining defendants to receive re-training, and money damages (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, at the time this action was filed, the plaintiff was a prisoner under the definition of 28 U.S.C. § 1915A(c), and "[sought] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the

3

Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief from the defendants. Additionally, as indicated, the plaintiff's excessive force claim against defendant Dep. Baker is sufficient to survive screening, and service will be recommended as to defendant Dep. Baker on the excessive force claim. The plaintiff's remaining claims, as outlined below, are subject to summary dismissal.

**Some of the plaintiff's claims are barred by *Heck v. Humphrey***

To the extent the plaintiff asserts a denial of due process because he was arrested for resisting arrest and assault and battery third degree and seeks money damages from the defendants, such claims are barred by *Heck*. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *Id*. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

4

*Id*. at 486–87 (footnote omitted); *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment); *Poston v. Shappert*, 22 F. App'x 301, at 301–02 (4th Cir. 2007) (unpublished per curiam opinion) (applying *Heck* to bar claims for damages under § 1983 and *Bivens*). This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The plaintiff's complaint includes no indication that his charges were wholly terminated in his favor (*see* doc. 1). Moreover, as noted, judicially-noticed, publicly-available online records for the plaintiff's state charges indicate that the plaintiff pled guilty to assault and battery third degree in exchange for the dismissal of his resisting arrest charge on February 12, 2025. *See* Greenville County Public Index (enter the plaintiff's name and 2024A2330211784 and 2024A2330211785) (last visited February 28, 2025). Accordingly, the complained-of charges do not indicate a favorable termination; thus, the plaintiff's claims for money damages arising from his criminal charges are barred by *Heck*.

**Excessive Force Claim**

The plaintiff alleges that he was subjected to excessive force by the defendants (doc. 1 at 4, 5–6, 7). As noted above, the plaintiff's excessive force claim against Dep. Baker is sufficient to survive screening and service on Dep. Baker for that claim will be authorized. However, the plaintiff has failed to state an excessive force claim with respect to the remaining defendants. The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks and citation omitted). To state an excessive force claim, a pretrial detainee must plausibly allege that the force "purposely or knowingly used against him was objectively unreasonable." *Id*. The standard is "solely an objective one." *Id*. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer

on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, the plaintiff's complaint contains no mention of defendants Dep. Hannon or Dep. Young, just noting that after the incident with Dep. Baker he realized other officers had arrived on scene (doc. 1 at 7). Indeed, it is unclear whether these officers were even on scene or aware of the incident with Dep. Baker and the plaintiff until afterwards. Although the plaintiff's allegations must be liberally construed, the plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement"). Moreover, as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff). Indeed, the plaintiff has not alleged that these defendants (other than Dep. Baker) exerted *any* – much less objectively unreasonable – force on the plaintiff. *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (*quoting Iqbal*, 556 U.S. at 678) (noting that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'"). As such, even liberally construed, the plaintiff's allegations regarding excessive force against Dep. Young or Dep. Hannon "stop[] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (noting that it is not enough to plead facts that are "merely consistent" with a defendant's liability). In light of the foregoing, the plaintiff's excessive force claim against Dep. Young and Dep. Hannon is subject to summary dismissal.

**Deliberate Indifference to Medical Needs**

The plaintiff alleges medical indifference because he was taken to Prisma after the incident without his authorization and treated against his will – although he also alleges that he did not receive medical treatment at Prisma (doc. 1 at 7). A pretrial detainee's claim of deliberate indifference to medical needs is properly brought pursuant to the Fourteenth Amendment. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). In *Short*, the Fourth Circuit noted that to state a medical indifference claim a pretrial detainee must allege: (1) he/she suffered from a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) the defendant knew or should have known that the detainee had the condition and that the defendant's action/inaction posed an "unjustifiably high risk of harm"; and (4) the detainee was harm as a result. *Id*. As an initial matter, the plaintiff has not alleged that he requested medical care or other treatment from the defendants; thus, he has not named a proper defendant for purposes of his medical indifference claim. Nevertheless, the undersigned will evaluate the plaintiff's claim based on the elements enumerated in *Short*. With respect to the first element, the plaintiff alleges that he hit his head when he fell from being tased and that he has head pains, which alleges an injury for purposes of the first element. The plaintiff has not alleged the second or third elements though, because he has not alleged how being taken via emergency medical services ("EMS") to Prisma Hospital by Mr. Crann (or others) was a failure to address the risk of the plaintiff's condition (hitting his head). Further, the plaintiff's allegation that he would not be treated correctly at Prisma Hospital because his wife worked there or that EMS should have taken him to another hospital (or been provided different treatment once he was at the hospital) appear to rely on the plaintiff's preference for different treatment that he received/was provided – to which he is not constitutionally entitled. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015)

(unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). Moreover, the plaintiff has not alleged that being examined by emergency medical technicians or being taken to Prisma Hospital where he was examined (albeit against his will) and given a shot caused an "unjustifiably high risk of harm" as required to state a deliberate indifference claim. *Short*, 87 F.4th at 611. The plaintiff has also not alleged that any of the complained-of actions were objectively unreasonable. As such, the plaintiff's medical indifference claim is also subject to summary dismissal.

### Fourth Amendment Claim

To the extent the plaintiff seeks damages from the defendants for false arrest or unlawful arrest (*see* doc. 1), the plaintiff alleges claims pursuant to the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

However, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal citation and quotation marks omitted); *see Provet v. State of S.C.*, C/A No. 6:07-cv-01094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (section 1983 claims of false arrest and malicious prosecution were precluded

8

because of indictment).  This Court, as noted above, has taken judicial notice of the plaintiff's charges in the Greenville County General Sessions Court, including a grand jury indictment for assault and battery third degree.  *See* Greenville County Public Index (enter the plaintiff's name and 2024A2330211784 and 2024A2330211785) (last visited February 28, 2025).  The indictment acts as a bar to the plaintiff's Fourth Amendment claim; thus, the plaintiff's Fourth Amendment claim is also subject to summary dismissal.

The plaintiff's claim still fails even if considered as one for malicious prosecution rather than false arrest.  *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) (noting that "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause.").  To state a malicious prosecution claim, the plaintiff must allege that he was (1) seized pursuant to legal process not supported by probable cause and (2) that the criminal proceedings terminated in his favor.  *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge).

Here, the plaintiff has failed to allege a malicious prosecution claim, even evaluating each of his charges independently.  With respect to the plaintiff's charge for assault and battery third degree, his claim fails because the charge was indicted and because it did not terminate in his favor because he pled guilty.  *See* Greenville County Public Index (enter the plaintiff's name and 2024A2330211784) (last visited February 28, 2025).  As to the plaintiff's charge for resisting arrest, although that charge was not indicted, his malicious prosecution claim on that charge also fails because it does not indicate a favorable termination – it was dismissed in exchange for the plaintiff's guilty plea to assault and battery third degree.  *See* Greenville County Public Index (enter the plaintiff's name and

9

2024A2330211785) (last visited February 28, 2025). As such, the plaintiff's Fourth Amendment claims are subject to summary dismissal for failure to state a claim.

## **RECOMMENDATION**

As noted above, this case will go forward with respect to the plaintiff's excessive force claim against defendant Dep. Baker. However, with respect to the plaintiff's remaining claims, the undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss the remaining claims *with*[2] prejudice (other than the excessive force claim against the defendant Dep. Baker), without leave for further amendment, and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 3, 2025
Greenville, South Carolina

---

[2] The claims barred by *Heck* should be dismissed without prejudice.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).